THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOTT FARNSWORTH, Respondent, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF ORLEANS, Appellant.

*Board of supervisors — town meetings held by election districts under section 26 of chapter 482 of 1875 — what business must be transacted — only one town meeting is contemplated in each election district.*

The legislature, by section 26 of chapter 482 of the Laws of 1875, empowered boards of supervisors, upon the application of a town, "to authorize the annual town meetings, and all special town meetings, in such town to be held by election districts, and to prescribe the manner in which the town business shall be conducted in such districts."

Upon the application of the town of Murray the Board of Supervisors of Orleans County, in 1877, passed an act to enable the electors of that town "to hold their town elections in the separate election districts of said town," which provided for holding the town elections, of officers required to be elected by ballot, in the several election districts; and further provided for the election of all other town officers, and for the transaction of all other town business, at one town meeting to be held only in district number two.

At an alleged town meeting of the town of Murray, held under this act, money was appropriated for a site and the erection of a town house; and, the Board of Supervisors of Orleans County having included the amount in the town tax levy, a taxpayer of the town obtained a writ of peremptory *mandamus* commanding the board of supervisors to rescind its action.

Upon an appeal from this order:

*Held,* that this legislative act of the board of supervisors was void, and was not within the powers conferred upon it by chapter 482 of the Laws of 1875.

That " town elections " were not synonymous with " town meetings," such elections constituting but a small part of the town business.

That the legislature intended, where boards of supervisors proceeded under the act of 1875, that there should be in each election district but one town meeting at which the whole business of the town should be transacted.

That the effect of the act of the board of supervisors in this case would be that electors in a district other than number two would have to attend upon the same day two town meetings which might be at places far distant from each other.

APPEAL by the defendant, the Board of Supervisors of the County of Orleans, from an order of the Supreme Court, entered in the office of the clerk of the county of Orleans on the 17th day of December, 1891, granting a writ of peremptory *mandamus* directed to the defendants, requiring them to revoke a resolution to raise $1,200 by tax upon the property of the taxpayers of the town of Murray, and also from the allowance of said writ on the 11th day of December, 1891, and also from the writ itself which was served upon the defendants on the 26th day of December, 1891.

*J. N. Thompson,* for the appellant.

*I. S. Signor,* for the respondent.

DWIGHT, P. J.:

The writ commanded the defendant to reconsider and rescind the action taken at its annual meeting in the year of 1891, by which there was included in the tax levy of the town of Murray for the year 1891 the sum of $1,200, for the purchase of a site for, and the erection of a town-house in that town, and to strike that sum from the tax levy.

The action in question, on the part of the board of supervisors, was in compliance with supposed action of the town of Murray, taken by resolution at a supposed town meeting held in one of the election districts of the town on the 7th day of April, 1891, whereby

the sum named was alleged to have been appropriated for the purpose above mentioned. The contention of the relator, who is a taxpayer of the town of Murray, is that the alleged town meeting was not legally held; that the action mentioned as taken thereat was not legally taken, and that it furnished no ground for the action of the board of supervisors which is brought in question by this proceeding.

Previous to the year 1875 the town meeting in every town in this State was held as a single convocation of the electors of the town, at one place in the town appointed therefor, and all the business of the town which called for the action of the electors, including the election of all town officers, whether by ballot or otherwise, was transacted at that meeting. In the year 1875, the legislature, by chapter 482 of the laws of that year, conferred upon the boards of supervisors of the several counties of the State, the power, "upon the application of any town duly made,    *    *    *    to authorize the annual town meetings and all special town meetings in such town to be held by election districts, and to prescribe the manner in which the town business shall be conducted in such districts, and the results ascertained and recorded." (Sec. 26 of the act above cited.)

In the year 1877, the Board of Supervisors of Orleans County, on the application of the town of Murray, passed an act entitled "An act to enable the electors of the town of Murray, Orleans county, N. Y., to hold their town elections in the separate election districts of said town." And the act, true to its title, provided not for holding the *town meetings* by election districts, nor prescribed the manner in which the town business should be conducted in such districts, but provided for holding the *town elections* only, and of officers required to be elected by ballot, in the several election districts, and for the election of all other town officers, and the transaction of all other business of the town at one town meeting to be held only in district number two.

We think this attempt at local legislation by the Board of Supervisors of Orleans County was nugatory and void, because it was not within the power conferred by the act of the legislature, upon which alone it depended for its validity.

The board of supervisors is a body of strictly limited powers. It has no power of legislation, except as expressly conferred by statute.

(Const., art. 3, § 23; *People ex rel. Merritt* v. *Lawrence*, 6 Hill, 244.) And any attempt by it to legislate outside the limit prescribed by the legislature is necessarily void.

The power conferred upon the board of supervisors by the act of 1875 was, as we have seen, to authorize the annual town meetings to be held by election districts, and to prescribe the manner in which the town business should be conducted in such districts. The attempted legislation of the Orleans county board did not purport, even by its title, to conform to the power thus conferred upon it. The term "town elections" is not synonymous with "town meetings." The election of the town officers is only a portion, and, it may be, a comparatively unimportant portion of the business to be done at the town meeting. When the legislature empowers the board of supervisors to authorize the holding of the town meetings by election districts, it intends the town meetings, and not the town elections merely; and when the statute provides that the board of supervisors shall "prescribe the manner in which the town business shall be conducted in such districts and the result ascertained and recorded," it intends that the whole of the town business shall be transacted in the district meetings, and that the results in each of them shall be so ascertained and recorded as that they may be collated and combined in such manner as to exhibit the result of the united action of the whole body of electors of the town.

By no other construction of the statute could its evident object and purpose be attained. The only possible object of election districts is the same in the case of town meetings as in that of general elections, viz.: The convenience of the electors. But the construction put upon the statute by the board of supervisors not only defeats this purpose, but lays a heavy and unequal burden of inconvenience upon a large portion of the electors of the town. In this case the electors of district number one, if they would avail themselves of the rights and discharge the duties of electors of the town, must, necessarily, attend two town meetings on the same day; traveling, perhaps, half the length of the town in one direction to reach the polls of the election in the district in which they reside and where alone they are permitted to vote for officers to be elected by ballot, and, perhaps, twice the distance in the opposite direction to vote for other town officers and take part in the business of the town. The

unjust discrimination against the electors of district number one involved in such an arrangement is sufficient to condemn it. It must result in the practical disfranchisement of many of their number. Of course, nothing could be further from the intention of the enabling act, and, as we have seen, the scheme is equally in violation of its terms. The enabling act authorizes provision for holding the town meetings and transacting the town business in both the election districts; the act of the supervisors purports to provide only for holding the elections of one class of town officers in both districts and for the transaction of all other business of the town meeting in one of the districts alone

The attempted legislation of the board of supervisors seems to us to be plainly without the authority of law, and, therefore, to be invalid and of no effect.

Such being the case, the alleged town meeting held in election district No. 2 of the town of Murray in the year 1891 was not a legal town meeting, and the action of those electors present, in voting an appropriation for a town-house, was not legally binding upon the town, and furnished no legal ground for the action of the board of supervisors in levying the tax in question. This conclusion is so radical that we think it unnecessary to consider other grounds of objection to the action of the board of supervisors.

The order for a peremptory writ of *mandamus*, requiring the defendant to reconsider and rescind that action and to strike the sum in question from the tax levied upon the town of Murray, must be affirmed.

MACOMBER and LEWIS, JJ., concurred.

Order appealed from affirmed, with costs.